

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ELIZABETH M. DAITZ**<br>Senior Counsel<br>Phone: (212) 788-0775<br>Fax:(212) 788-9776<br>E-mail: edaitz@law.nyc.gov |

July 16, 2010

**VIA ECF**
Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Burt v. Rodriguez</u>, 05 CV 4493 (JG)(CLP)

Your Honor:

      I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant Rodriguez, who, along with Senior Counsel David M. Hazan, is assigned to the defense of the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendant Rodriguez. Enclosed herein please find a fully executed Stipulation of Settlement and Order of Dismissal for Your Honor's endorsement and filing with the Clerk of the Court.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/

      Elizabeth M. Daitz
      David M. Hazan

cc:    Ameer Benno, Esq. (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LAZARO BURT,                                  STIPULATION OF
                                              SETTLEMENT AND ORDER
                              Plaintiff,      OF DISMISSAL

                -against-                     05-CV-4493 (JG)(CLP)

MIGDALIA RODRIGUEZ,

                              Defendant.

------------------------------------------------------------------- x

**WHEREAS**, plaintiff commenced this action by filing a complaint on or about September 22, 2005, alleging that the defendant violated plaintiff's federal civil and state common law rights; and

**WHEREAS**, plaintiff filed an Amended Complaint on or about July 10, 2006; and

**WHEREAS**, defendant has denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Lazaro Burt the sum of Two Hundred and Forty-Eight Thousand ($248,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the

payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release the defendant, the City of New York, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that defendant has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant Rodriguez and/or the City of New York regarding any liens or past and/or future Medicare payments, presently known or

unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

       7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
        July 15, 2010

Ameer Benno, Esq.  
BENNO & ASSOCIATES P.C.  
*Attorney for Plaintiff*  
233 Broadway, Suite 900  
New York, NY 10279  
(212) 227-9300  

By: _____  
Ameer Benno, Esq.  
*Attorney for Plaintiff*  

MICHAEL A. CARDOZO  
Corporation Counsel of the  
  City of New York  
*Attorney for Defendant Rodriguez*  
100 Church Street, Rm. 3-218  
New York, New York 10007  
(212) 788-0775  

By: _____  
Elizabeth M. Daitz  
*Senior Counsel*  

SO ORDERED:

Dated: New York, New York  
     _____, 2010

_____  
HON. JOHN GLEESON  
UNITED STATES DISTRICT JUDGE

3